## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **MARDEN'S ARK, INCORPORATED,** individually and on behalf of all others similarly situated, | Case no. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **UNITEDHEALTH GROUP INCORPORATED,** a Delaware corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marden's Ark, Inc. ("Marden's Ark" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant UnitedHealth Group Incorporated ("UnitedHealth" or "Defendant") to stop its practice of placing unsolicited calls using "an artificial or prerecorded voice" to users of cellular telephone numbers nationwide, and to obtain redress for all injured by Defendant's conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

1.      Defendant UnitedHealth provides healthcare coverage and benefits services to consumers throughout the United States.[1]

---

[1] http://www.unitedhealthgroup.com/About.aspx.

2.      Defendant made (and continues to make) repeated and unsolicited prerecorded telephone calls to cellular telephone subscribers without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.      By making these prerecorded calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies cellular telephone subscribers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans. Furthermore, Defendant made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

4.      The TCPA was enacted to protect telephone subscribers from prerecorded phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to cellular telephone subscribers without first obtaining prior express consent, as well as an award of statutory damages to the members of the Classes under the TCPA as wells as costs.

## PARTIES

5.      Plaintiff is Youngsville, North Carolina resident.

6.      Defendant UnitedHealth is a Delaware corporation with a principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota 55343.  Defendant conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute.

8.      This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

10.      In recent years, companies such as Defendant have turned to prerecorded calling as a way to communicate with telephone subscribers concerning both marketing and informational calls.

11.      In order to legally place prerecorded calls to cellular phone numbers it must receive the cell phone subscriber's prior express consent to do so for informational calls and written prior express consent for pre-recorded marketing calls.

12.      However, in practice, when placing these prerecorded calls to cellular telephone subscribers, Defendant fails to obtain the appropriate consent as required by the TCPA to make such calls.

13.      In addition, Defendant continues to place prerecorded telephone calls to cell phone subscribers *even after* they have opted to no longer receive them.

14.     For various reasons, cellular telephone subscribers deactivate and relinquish their cellular telephone numbers. Once deactivated, the cellular telephone carrier reassigns the number to another subscriber – a practice known as "recycling." Recycling times (i.e., the time between deactivation and reassignment) vary across carriers, generally ranging from 30 days to six months depending on location and demand. During the recycling period, the cellular telephone number is considered disconnected.

15.     In some instances, the prior owner of a recycled telephone number may have consented to receiving prerecorded calls from Defendant.  But, even if the prior owner consented, that consent does not transfer to the new recycled cellular telephone number's owner. Ultimately, new owners of recycled cellular telephone numbers are given no choice in receiving, addressing, and in paying for Defendant's prerecorded calls.

16.     In response to the liability risk associated with recycled numbers, numerous commercially available services exist to help companies that call others using an artificial or prerecorded voice, such as Defendant, identify recycled numbers and non-consenting cellular subscribers. For instance, companies such as Infutor, Nextmark List, and Contact Center Compliance advertise their ability to instantly identify and flag disconnected telephone numbers from cellular telephone number data lists on a recurring basis (such as weekly or monthly). This type of service can identify disconnected numbers before they are recycled, thereby alerting companies such as Defendant that any consent associated with those telephone numbers has been terminated.

17.     Despite the industry guidelines, the commercial availability of programs that help callers filter out recycled numbers, and the obvious lack of consent associated with recycled

numbers, Defendant fails to take the necessary steps to insure that its prerecorded calls are placed only to consenting recipients.

18.     Rather, in an effort to increase revenue and skirt additional costs, Defendant simply treats the new recycled cellular telephone number owner as if he or she were the previous owner. As such, if the previous owner gave consent to receive Defendant's prerecorded calls, Defendant continues to treat that consent as the consent of the new (unassociated) owner. New owners are then forced to incur the cost and annoyance of receiving Defendant's prerecorded calls.

19.     Worse yet, sometimes these unwanted calls continue for years (as in the present case) as the company continues to call the recycled number and does not update its caller details despite the new subscriber alerting the company that they are calling for the owner who no longer subscribes to the cell phone number.

20.     Defendant knowingly made (and continues to make) unsolicited prerecorded calls without the prior express consent of the call recipients.  In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

21.     Complaints about Defendant's calling cellular telephone subscribers without consent and after they requested to not be called again are numerous:

- "United Health Care, reminding someone I've never heard of about an appointment. They call all the time from different numbers, but at least they leave a message. I've been through the wrong number thing with them and others in the past. They won't remove the number because I'm not the person who gave it to them. Until that person updates their records, the calls will continue. I just add the number to my blocked numbers list."[2]

---

2 https://800notes.com/Phone.aspx/1-612-435-8142

- "do not have this insurance, get phone calls from this number all the time concerning someone I do not know...they gave my cell phone number as their phone number n I want to have it removed: REMOVE MY NUMBER 361-389-7273 immediately!!!"[3]

-  "I constantly get "courtesy calls" from what they say is United Health Care. I contacted customer service to have my name put on the "do not call" list but calls still come in. Very annoying."[4]

- "I get this call every other day on my cell phone.   I don't have United Healthcare. But they're leaving a message for my father, reminding him to get a flu shot.   I know he never gave them my cell phone number as a contact, so not sure why they're calling me about this."[5]

- "Apparently repeatedly asking them to take my number off of their telemarketing list does no good."[6]

## FACTS SPECIFIC TO PLAINTIFF

22.     Over the time span of approximately three years, Plaintiff received repeated prerecorded telephone calls on its cellular telephone number from Defendant's telephone number 612-435-8142.

23.     When Plaintiff answered the calls from telephone number 612-435-8142, Plaintiff was greeted each time by a prerecorded voice identifying the call from UnitedHealthcare, asking to speak to "Tremaine."  Plaintiff would then be instructed to press #1 if the recipient was Tremaine, and to press #2 if not to be opted out.  Plaintiff pressed #2 numerous times when receiving calls from Defendant in attempt to stop the calls.

24.     However, Defendant continued to call Plaintiff from 612-435-8142 despite Plaintiff's repeated attempts to stop the calls using Defendant's own automated process that Defendant designed.

---

3 *Id.*
4 https://800notes.com/Phone.aspx/1-612-435-8142/2
5 *Id.*
6 *Id.*

25.     Frustrated at receiving the unwanted prerecorded calls, Plaintiff tried calling the telephone number 612-435-8142 in order to stop the calls.  However, Plaintiff could not speak to anyone because a prerecorded voice instructed Plaintiff to input Tremaine's date of birth in order to continue and Plaintiff does not know a Tremaine or Tremaine's date of birth.

26.      Plaintiff was determined to get the calls to stop since they continued to call. Plaintiff called a different number that UnitedHealth uses, and upon being connected to a representative, provided its phone number and informed Defendant's representative that Plaintiff is not familiar with anyone named "Tremaine" and to stop calling Plaintiff's cell phone number. The representative informed Plaintiff that its phone number would be removed from its system.

27.     Despite Plaintiff's call to UnitedHealth, Plaintiff continued to receive pre-recorded calls on Plaintiff cellular phone. Plaintiff called another UnitedHealth phone number Plaintiff found on its website and provided its phone number to the representative. Plaintiff then explained that the calls are for "Tremaine," not Plaintiff, and demanded that the calls to stop. The representative assured Plaintiff that Plaintiff's phone number would be removed from their system.

28.     Again, despite Plaintiff's requests for UnitedHealth to stop calling, the calls continued to the cellular telephone. On September 21, 2017 and October 20, 2017, Plaintiff received two additional prerecorded telephone calls from Defendant using 612-435-8142.

29.     Defendant continues to call Plaintiff's phone number to this day several years later.

30.     On one of the calls, the pre-recorded message was regarding a flu shot. Some of the other calls may have been marketing messages.

31.     Telephone number 612-435-8142 is owned or operated by Defendant.

32.     During all relevant times, Plaintiff did not have a relationship with UnitedHealth, or any of its affiliated companies, and never requested that UnitedHealth place prerecorded calls to it. Simply put, UnitedHealth did not possess Plaintiff's prior express consent to place a telephone call to Plaintiff using a prerecorded voice.

33.     By making unauthorized prerecorded telephone calls as alleged herein, UnitedHealth has caused cell phone subscribers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of its phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone. In the present case, a cell phone subscriber could be subjected to many unsolicited prerecorded telephone calls as UnitedHealth does not take care to ensure that the recipients of its prerecorded calls have given their prior express written consent to be called.

34.     In order to redress these injuries, Plaintiff, on behalf of itself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded telephone calls to cellular telephones.

35.     On behalf of the Classes, Plaintiff seeks an injunction requiring UnitedHealth to cease all unsolicited prerecorded telephone calling activities and an award of statutory damages to the class members, together with costs.

## CLASS ALLEGATIONS

36.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of itself and all others similarly situated and seeks certification of the following two Classes:

**Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of this action who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on their cellular telephone number, (3) using a prerecorded voice, and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

**Prerecorded Stop Class**: All persons in the United States from four years prior to the filing of this action who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on their cellular telephone number, (3) using a prerecorded voice, (4) after the person indicated through Defendant's automated system or to Defendant's live representative that s/he no longer wished to receive calls from Defendant.

37.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

38.     **Numerosity**: The exact size of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of cellular telephone subscribers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

39.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any

questions that may affect individual members of the Classes. Common questions for the Classes

include, but are not necessarily limited to the following:

>   (a)  whether Defendant's conduct constitutes a violation of the TCPA;
>
>   (b)  whether Defendant made prerecorded telephone calls to members of the
>        Classes without first obtaining prior express consent to make the calls;
>
>   (c)  whether Defendant made prerecorded telephone calls to members of the
>        Prerecorded Stop Call Class after being told by members of the Prerecorded
>        Stop Call Class to stop doing so; and
>
>   (d)  whether members of the Classes are entitled to treble damages based on the
>        willfulness of Defendant's conduct.

40.    **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Classes, and has retained counsel competent and experienced in class

actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no

defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting

this action on behalf of the members of the Classes, and have the financial resources to do so.

Neither Plaintiff nor his counsel has any interest adverse to the Classes.

41.    **Appropriateness**: This class action is also appropriate for certification because

Defendant has acted or refused to act on grounds generally applicable to the Classes and as

wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the members of the Classes and making final class-wide injunctive

relief appropriate. Defendant's business practices apply to and affect the members of the Classes

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the

burden and expense of individual prosecution of the complex litigation necessitated by

Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiff and the Prerecorded No Consent Class)**

42.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

43.     Defendant made prerecorded telephone calls to cellular telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express consent to receive such calls.

44.     By making the unsolicited telephone calls to Plaintiff and the Prerecorded No Consent Class members' cellular telephones without their prior express consent, and by utilizing a prerecorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

45.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

46.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded Stop Class)**

47.     Plaintiff incorporates by reference paragraphs 1-40 as if fully set forth herein.

48.     Defendant made unsolicited and unwanted prerecorded calls to telephone numbers belonging to Plaintiff and the other members of the Prerecorded Stop Class on their cellular telephones after they had informed Defendant, orally and/or through the Defendant's automated prompt system, that they no longer wished to receive such calls from Defendant.

49.     By making unsolicited telephone calls to Plaintiff and other members of the Pre-recorded Stop Class's cellular telephones using a prerecorded voice after they requested to no longer receive such calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express consent.

50.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded Stop Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded Stop Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

1.     An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing Plaintiff's counsel as Class Counsel;

2.     An award of money damages;

3.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

4.      An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes; and

5.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**MARDEN'S ARK, INC.**, individually and on behalf of class of similarly situated individuals

Dated: June 24, 2019

By: /s/ Ryan Peterson
Ryan D. Peterson (#0389607)
Peterson Legal, PLLC
5201 Eden Avenue, Suite 300
Edina, Minnesota 55436
Phone: (612) 367-6568
Fax: (612) 295-0415
ryan@peterson.legal

Stefan Coleman (pro hac motion vice forthcoming)
Law Offices of Stefan Coleman, P.A.
law@stefancoleman.com
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Phone: (877) 333-9427
Fax: (888) 498-8946

Avi R. Kaufman (pro hac vice motion forthcoming)
Kaufman P.A.
kaufman@kaufmanpa.com
400 NW 26TH Street
Miami, FL 33127
Phone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

13